```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


MICHAEL WHITMAN                              CIVIL ACTION

VERSUS                                       NO: 16-14959

DAIGLE'S AUTO & BODY                         SECTION: "J"(5)
REPAIR, LLC, ET AL.
```

## ORDER & REASONS

Before the Court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 7)** filed by Defendants, Daigle's Auto & Body Repair, LLC and Neil Daigle ("Defendants"), an opposition thereto (Rec. Doc. 8) filed by Plaintiff, Michael Whitman, and a reply (Rec. Doc. 11) filed by Defendants. Having considered the motion and legal memoranda, the record, and the applicable law, the Court has determined that it will defer ruling on the motion at this time; and therefore, the motion is **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On September 26, 2016 Plaintiff, a former tow truck driver for Defendants, filed a lawsuit alleging that Defendants failed to pay him minimum wages and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and for alleged unpaid wages pursuant to Louisiana's Wage Payment Statute, La. Rev. Stat. 23:631, *et seq.* (Rec. Doc. 1.) On January 19, 2017, Defendants filed the instant *Motion for Partial Summary Judgment* (Rec. Doc. 7), seeking to dismiss Plaintiff's claim for

overtime pay pursuant to the Motor Carrier Act ("MCA") exemption to the FLSA. On February 2, 2017 Plaintiff filed a timely opposition to the motion, asserting that the motion should be denied due to genuine issues of material fact, or alternatively, the motion should be delayed under Federal Rule of Civil Procedure 56(d). (Rec. Doc. 8, at 1.) On February 11, 2017 Defendants filed a reply, asserting that Plaintiff does not properly raise any issues of material fact, and that discovery is unwarranted. (Rec. Doc. 11.) Defendants' motion is now before the Court on the briefs and without oral argument.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**DISCUSSION**

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, if a nonmovant shows that "it cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Rule 56(d) "provides a mechanism for dealing with the problem of premature summary judgment motions." *Murillo v. Coryell Cty. Tradesmen*, LLC, No. 15-3641, 2017 WL 228218, at *1 (E.D. La. Jan. 19, 2017) (citing *State Farm Fire & Cas., Co. v. Whirlpool Corp.*, No. 10-1922, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011)). Rule 56(d) "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). "Such motions are broadly favored and should be liberally granted." *Id.* In addition, the 2010 Advisory Committee Notes to Rule 56 specifically state that a "party who seeks relief under subdivision (d) may seek an order deferring the time to respond to the summary-judgment motion." However, a request to defer ruling on a summary judgment motion under Rule 56(d) must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the

3

pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)).

Plaintiff sent its discovery request to Defendants on January 19, 2017, and Defendants filed the pending motion on the same date. The submission date on Defendants' motion was February 15, 2017. *Id*. Pursuant to Local Rule 7.5 of this Court, Plaintiff's opposition to Defendants' motion was due by February 7, 2015. Defendants' responses to discovery were not due until February 18, 2017. This effectively barred Plaintiff from conducting discovery prior to filing its opposition, and did not allow for any responses to discovery prior to the February 15, 2017 submission date. Plaintiff has asserted that it cannot properly oppose the motion until discovery is conducted and is able to receive discovery responses and perform depositions. (Rec. Doc. 8-3.) Specifically, Plaintiff contends that he needs to conduct discovery regarding the Defendants' policies regarding interstate towing jobs, which directly addresses the issue of whether the MCA exemption would apply. *Id*. Pursuant to the Court's Scheduling Order, the parties have until July 31, 2017 to complete discovery, and any non-evidentiary pretrial motions must be filed in sufficient time to permit hearing thereon no later than August 10, 2017. (Rec. Doc. 6.) Thus, Defendants' motion is premature. *See Murillo*, 2017 WL 228218, at *1 (citing *State Farm*, 2011 WL 3567466, at *2).

4

Accordingly, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the Court shall defer ruling Defendants' *Motion for Partial Summary Judgment* until sufficient discovery has been conducted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion for Partial Summary Judgment* **(Rec. Doc. 7) DENIED**, as explained above.

New Orleans, Louisiana this 13th day of March, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE